[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 30, 2006
THOMAS K. KAHN
CLERK

--------------------------------------

No. 06-11938
Non-Argument Calendar

--------------------------------------

D.C. Docket No. 05-004113-CR-T-24-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS ANDRES HURTADO-RUIZ

Defendant-Appellant.

--------------------------------------
Appeal from the United States District Court
for the Middle District of Florida
--------------------------------------

**(November 30, 2006)**

Before EDMONDSON, Chief Judge, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Defendant-Appellant Carlos Andres Hurtado-Ruiz appeals his 135-month

sentence imposed after he pled guilty to (1) possession with intent to distribute

five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction

of the United States, in violation of 46 App. U.S.C. § 1903(a), (g); 18 U.S.C. § 2; and 21 U.S.C. § 960(b)(1)(B)(ii); and (2) conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 App. U.S.C. § 1903(a), (g), and (j); and 21 U.S.C. § 960(b)(1)(B)(ii). No reversible error has been shown; we affirm.

Hurtado-Ruiz first argues that the district erred in denying him a minor role reduction, U.S.S.G. § 3B1.2(b). He asserts that he was less culpable than the other persons found on the boat (which was carrying 269 bales of cocaine that weighed approximately 5,443 kilograms) because he was "simply a deck hand" who did not have specialized skills and who was not responsible for planning the cocaine delivery. Hurtado-Ruiz did not own the smuggling boat; and he contends that he only was assisting in the transportation of the drugs. Hurtado-Ruiz also asserts that, because he was not going to share in potential financial gain from the smuggling operation, he was a minor participant in the offense.

We review for clear error the district court's determinations about a defendant's role in an offense. United States v. Ryan, 289 F.3d 1339, 1348 (11th Cir. 2002). The burden is on the defendant to establish his role by a preponderance of evidence. Id. Under U.S.S.G. § 3B1.2(b), "[a] defendant

2

warrants a two-level reduction for playing a minor role in an offense if he is less culpable than most other participants, although his role could not be described as minimal." Id. Sentencing courts should consider two elements when determining a defendant's role in an offense: "first, the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing, and, second, [his] role as compared to that of other participants in [his] relevant conduct." United States v. De Varon, 175 F.3d 930, 940 (11th Cir. 1999) (en banc).

The district court committed no clear error in determining that Hurtado-Ruiz's role in the offense was more than minor. About the first element, Hurtado-Ruiz's sentence was based only on the relevant conduct for which he was held accountable at sentencing: the 269 bales of cocaine seized from the boat on which he was traveling. And the district court correctly pointed to the boat's large drug quantity in denying Hurtado-Ruiz a minor role reduction. See id. at 943 (noting that, in the drug courier context, the amount of drugs is a "material consideration" in assessing a defendant's role in his relevant conduct). About the second element, Hurtado-Ruiz was one of only nine persons on the boat, which was carrying a very large cocaine delivery. He has failed to show that he was "less culpable than most other participants in [his] relevant conduct," id. at 944; and we

see no clear error in the district court's refusal to apply a minor role reduction in this case.

Hurtado-Ruiz also argues that his sentence was unreasonable. He contends that, in determining his sentence, the district court should have considered that he will be deported upon his release from prison; so the court could have protected the public even with a less onerous prison sentence. Hurtado-Ruiz also argues that his sentence does not reflect accurately his minimal participation in the criminal activity, nor provide a just punishment for a person only trying to make money for his family.

Hurtado-Ruiz was sentenced after the Supreme Court issued its decision in United States v. Booker, 125 S.Ct. 738 (2005); so we review his sentence for reasonableness in the light of the factors set out in 18 U.S.C. § 3553(a). United States v. Winingear, 422 F.3d 1241, 1244-46 (11th Cir. 2005). Under section 3553(a), a district court should consider, among other things, the nature and circumstances of the offense, the history and characteristics of the defendant, the need for adequate deterrence and protection of the public, policy statements of the Sentencing Commission, provision for the medical and educational needs of the defendant, and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a)(1)-(7).

We conclude that Hurtado-Ruiz's sentence was reasonable. The district court correctly calculated his Guidelines imprisonment range as 135 to 168 months; and the court sentenced Hurtado-Ruiz to the lowest point of that range.[1] See United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005) (noting that "ordinarily we would expect a sentence within the Guidelines range to be reasonable").

Before sentencing Hurtado-Ruiz, the district court heard his arguments about the "tenets of [18 U.S.C. §] 3553," including that he came from a poverty-stricken background and that a sentence below his advisory Guidelines range would be sufficient to protect the public. In sentencing Hurtado-Ruiz, the district court noted the section 3553(a) factors, commenting in particular on Hurtado-Ruiz's background and history as well as the circumstances and seriousness of his offense, including the large amount of drugs involved. The district court concluded that the sentence imposed was no greater than necessary to provide appropriate punishment. The district court judge was not required to discuss all of the section 3553(a) factors at the sentencing hearing. See United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005) (explaining that "nothing in Booker or

---

[1]Except for disputing the district court's decision not to apply a minor role reduction to his sentence, Hurtado-Ruiz does not challenge the district court's calculation of his Guideline range.

elsewhere requires the district court to state on the record that it has explicitly considered each of the section 3553(a) factors or to discuss each of the section 3553(a) factors"). Nothing in the record convinces us that Hurtado-Ruiz's sentence was unreasonable in the light of the section 3553(a) factors.[2]

AFFIRMED.

---

[2]The government asserts that Hurtado-Ruiz's failure to object after the district court imposed its sentence -- either that a sentence within his advisory Guidelines range was unreasonable or that the district court did not consider adequately the section 3553(a) factors in determining his sentence -- indicates that we should review Hurtado-Ruiz's challenge to the reasonableness of his sentence only for plain error. We need not decide this issue because, even under a reasonableness standard, Hurtado-Ruiz's argument fails.